ELECTRONICALLY FILED
9/19/2021 5:24 PM
46-CV-2021-900106.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| **DENISE HUGHES,** as Administrator of the **ESTATE OF EDWIN DEWAYNE MOSS,** §§§§§ **PLAINTIFF,** §§ vs. § **DARIAN K. LOCURE,** an individual; § and **FICTITIOUS PARTY DEFENDANTS:** § | CIVIL ACTION NO.: _____ |

**No. 1,** whether singular or plural, being the driver of the 2013 Ford F150 (bearing Alabama license tag # 62070CO) involved in the January 19, 2021 crash made the basis of this case;

**No. 2,** whether singular or plural, being the owner of the 2013 Ford F150 (bearing Alabama license tag # 62070CO) involved in the crash made the basis of this case;

**No. 3,** whether singular or plural, being the person who entrusted use of the 2013 Ford F150 (bearing Alabama license tag number 62070CO) to Defendant DARIAN LOCURE and/or Fictitious Party No. 1 on the date of the crash made the basis of this case;

**No. 4,** whether singular or plural, being the person or entity who or which was the employer, master, or principal of Defendant DARIAN LOCURE and/or Fictitious Party Defendant No. 1 on the date of the crash made the basis of this case;

**No. 5,** whether singular or plural, being the person or entity for whom Defendant DARIAN LOCURE and/or Fictitious Party Defendant No. 1 was performing some type of service or duty at the time of the crash on January 19, 2021;

**No. 6,** whether singular or plural, being the person or entity on whose behalf and/or at whose direction the 2013 Ford F150 was being operated when the crash made the basis of this case occurred;

**No. 7,** whether singular or plural, being the person or entity who or which had supervisory authority relating to the training, supervision, and retention of Defendant DARIAN LOCURE and/or Fictitious Defendant No. 1;

**No. 8,** whether singular or plural, being that person, firm, corporation, or entity who or which sold, provided, or otherwise dispensed liquor or alcoholic beverages to DARIAN LOCURE on January 19, 2021, the negligence or other actionable conduct of which contributed to cause the death of EDWIN DEWAYNE MOSS as a proximate result;

**No. 9,** whether singular or plural, being that person who was the agent, servant, or employee of Fictitious Defendant No. 8, above, and who sold, provided, or otherwise dispensed liquor or alcoholic beverages to DARIAN LOCURE on January 19, 2021, the negligence or other actionable conduct of which contributed to cause the death of EDWIN DEWAYNE MOSS as a proximate result;

**No. 10,** whether singular or plural, being that person, firm, corporation, or entity who or which was the employer, master, or principal of Fictitious Defendants No. 8 and/or No. 9, above, when liquor or alcoholic beverages were sold, given or otherwise dispensed to DARIAN LOCURE on

January 19, 2021, the negligence or other actionable conduct of which contributed to cause the death of EDWIN DEWAYNE MOSS as a proximate result;

**No. 11,** whether singular or plural, being that person, firm, corporation, or entity who or which was the owner, lessor, or lessee of the premises where liquor or alcoholic beverages were sold, given, or otherwise dispensed to DARIAN LOCURE on January 19, 2021, the negligence or other actionable conduct of which contributed to cause the death of EDWIN DEWAYNE MOSS as a proximate result;

**No. 12,** whether singular or plural, being that person, firm, corporation, or entity who or which was the owner, manager, or supervisor of the business where liquor or other alcoholic beverages were sold, given, or otherwise provided to DARIAN LOCURE on January 19, 2021, the negligence or other actionable conduct of which contributed to cause the death of EDWIN DEWAYNE MOSS as a proximate result;

**No. 13,** whether singular or plural, being that person, firm, corporation, or entity who or which controlled or had the right to control the premises where liquor or other alcoholic beverages were sold, given, or otherwise dispensed to DARIAN LOCURE on January 19, 2021, the negligence or other actionable conduct of which contributed to cause the death of EDWIN DEWAYNE MOSS as a proximate result;

**No. 14,** whether singular or plural, being that person, firm, corporation, or entity who or which had the responsibility to control and/or were under duty to moderate, limit, or otherwise control intoxicated persons or persons who appeared to be intoxicated at the premises where liquor or other alcoholic beverages were sold, given, or otherwise dispensed to DARIAN LOCURE on January 19, 2021, the negligence or other actionable conduct of which contributed to cause the death of EDWIN DEWAYNE MOSS as a proximate result;

**No. 15,** whether singular or plural, that person, being firm, corporation, or entity, other than those described above, who or which sold, gave, or otherwise dispensed liquor or alcoholic beverages to DARIAN LOCURE in violation of the law on the date of the incident made the basis of this lawsuit;

**No. 16,** whether singular or plural, being that person or entity who or which conspired to, attempted to, and/or did, in fact, destroy, conceal, hide, alter, and/or tamper with evidence of any kind (including the influencing of witness testimony) regarding, arising from, or in any way related to the crash made the basis of this case and/or any person(s), entity(ies), vehicle(s), object(s), information, or evidence of any kind relating to or regarding this crash;

**No. 17,** whether singular or plural, being that person or entity who or which conspired to, attempted to, and/or did, in fact, subvert, prevent, or otherwise impede the investigation of the crash made the basis of this case and/or the investigation of, testimony of, or evidence from or regarding any person(s), entity(ies), vehicle(s), object(s), information, or evidence of any kind related in any way to the crash made the basis of this case or any person or vehicle involved in said crash;

**No. 18,** whether singular or plural, being the entity that provided any kind of liability insurance coverage, including liquor liability and Dram Shop coverage, for any named Defendant and/or Fictitious Party Defendants, on the date of the incident made the basis of this lawsuit;

**No. 19,** whether singular or plural, being that person or entity who or which issued any policy of insurance which provided coverage for the injuries, damages, and/or death of EDWIN DEWAYNE MOSS as a result of the January 19, 2021 motor vehicle accident made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage);

**No. 20,** whether singular or plural, being that person or entity who or which provided any insurance coverage of any kind, including excess and/or umbrella coverage, for any of the motor vehicles involved in the January 19. 2021 crash made the basis of this lawsuit; and/or for the driver of each respective motor vehicle involved in said crash; and/or for any of the named Fictitious Party Defendants listed or described herein;

**No. 21,** whether singular or plural, being the person or entity who or which provided any insurance coverage of any kind, including excess and/or umbrella coverage, for any of the named or fictitiously described Defendants to this lawsuit;

**No. 22,** whether singular or plural, being that entity – other than those entities described above – which is the parent, subsidiary, affiliate, or successor-in-interest of any of the named or fictitiously described Defendants to this lawsuit;

**No. 23,** whether singular or plural, being that person or entity – other than those persons or entities described hereinabove – whose breach of contract or warranty contributed to cause the crash made the basis of this case and/or the death of EDWIN DEWAYNE MOSS; and,

**No. 24,** whether singular or plural, being that person or entity – other than those persons or entities described hereinabove – whose negligent, reckless, wanton, or otherwise wrongful actions or failures to act contributed to cause the crash made the basis of this case and/or the death of EDWIN DEWAYNE MOSS.

Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to the Plaintiff at this time, or, if their names are known to the Plaintiff, their identities as proper party Defendants are not known to the Plaintiff but will be substituted by amendment when ascertained, in accordance with the Alabama Rules of Civil Procedure.

**DEFENDANTS.**

---

### COMPLAINT

---

### STATEMENT OF THE PARTIES

1. The deceased, EDWIN DEWAYNE MOSS, was a resident of Macon County, Alabama who was caused to die in a motor vehicle accident on January 19, 2021 in Macon County, Alabama.

2. Plaintiff DENISE HUGHES is an individual over the age of nineteen (19) years and

is a resident of Chambers County, Alabama. On August 17, 2021, the Probate Court of Macon County, Alabama granted Letters of Administration naming Plaintiff Hughes as the Administrator of the ESTATE OF EDWIN DEWAYNE MOSS, DECEASED.

3. Defendant DARIAN K. LOCURE is an individual over the age of nineteen (19) years. Upon information and belief, Defendant LOCURE is a resident of Macon County, Alabama. Upon further information and belief, Defendant LOCURE was the driver of the 2013 Ford F150 (bearing Alabama license tag # 62070CO) involved in the motor vehicle crash that caused the death of Edwin D. Moss in Macon County, Alabama on January 19, 2021.

4. Fictitious Party Defendants No. 1 through 24, as described in the caption of this Complaint, are those other persons, firms, corporations, or other entities – whether singular or plural – whose negligence, recklessness, wantonness, or otherwise wrongful actions or failures to act caused or contributed to cause the death of EDWIN D. MOSS on January 19, 2021. Plaintiff avers that the true and correct names of Fictitious Party Defendants 1-24 are unknown to Plaintiff at this time or, if their names are known to Plaintiff, their identities as proper party defendants are not known to the Plaintiff but will be substituted by amendment when ascertained, in accordance with the Alabama Rules of Civil Procedure.

## STATEMENT OF THE FACTS

5. Plaintiff adopts and realleges all prior paragraphs as if set forth fully herein.

6. On the evening of January 19, 2021, Plaintiff Hughes's decedent, Edwin D. Moss, was a passenger in a 2003 Hyundai Sonata as it traveled westbound along US 80 toward Mr. Moss's home off of South Lake Street in Tuskegee, Macon County, Alabama.

7. At the same time, Defendant Locure was travelling eastbound along US-80 in a 2013 Ford F150 bearing Alabama license tag number 62070CO.

8. Upon information and belief, the vehicle being operated by Defendant Locure was owned by one or more Fictitious Party Defendants Nos. 2-7 and/or Defendant Locure was operating said vehicle on the date of this occurrence with the express or implied permission of one or more Fictitious Party Defendants Nos. 2-7.

9. Upon information and belief, the posted speed limit in the area where this crash occurred was 25 mph.

10. Upon information and belief, Defendant Locure was traveling well above the posted speed limit as he drove along US-80 eastbound toward the area of South Lake Street.

11. Upon information and belief, the headlights on Defendant Locure's vehicle were not illuminated as he traveled at a high rate of speed along US-80 on the evening of January 19, 2021.

12. Shortly before 5:30 PM, Mr. Moss's vehicle began making a left-hand turn from US-80 westbound toward South Lake Street.

13. Upon information and belief, the driver of Mr. Moss's vehicle was unable to see or detect Defendant Locure's speeding truck on the roadway as they began making a left turn toward South Lake Street because Defendant Locure's headlights not illuminated.

14. Upon information and belief, Defendant Locure failed to slow his excessive speed or otherwise attempt any evasive maneuvers to avoid Mr. Moss's vehicle as it began turning toward South Lake Street. Instead, Defendant Locure's vehicle violently collided with

the front passenger area of the Moss vehicle – where Mr. Moss was seated – at an excessive rate of speed, causing Mr. Moss's vehicle to flip several times before coming to an uncontrolled rest in a ditch off the roadway.

15. After the crash, Defendant Locure was able to remove himself from his vehicle. However, he neither checked on the status of the Moss vehicle occupants, nor did he attempt to render them any aid or assistance.

16. Instead, Defendant Locure's wife arrived on the scene within minutes of the crash and transported him to the hospital in her personal vehicle before responding law enforcement had the chance to observe him and his condition or obtain any information or statements from him.

17. Tragically, Edwin Moss sustained massive traumatic injuries in the crash – including several broken bones and extensive internal trauma. First responders had to extricate Mr. Moss from his vehicle, and he was pronounced deceased at the scene of the crash.

## COUNT ONE
## WRONGFUL DEATH – NEGLIGENCE PER SE

18. Plaintiff adopts and realleges all prior paragraphs as if set forth fully herein.

19. On the evening of January 19, 2021, Plaintiff's decedent, Edwin D. Moss, was caused to die when Defendant Darian Locure forcefully collided with the passenger side of Mr. Moss's vehicle on US-80 in Macon County, Alabama.

20. The Alabama Rules of the Road (Ala. Code § 32-5A-1, *et seq.*) governed Defendant Locure's operation and use of the motor vehicle he was driving at the time of said collision,

including, without limitation, Ala. Code § 32-5A-170 ("Reasonable and prudent speed"); § 32-5A-171 ("Maximum Limits"); § 32-5A-190 ("Reckless driving"); and § 32-5A-192 ("Homicide by vehicle or vessel").

21. On the evening of January 19, 2021, Defendant Locure violated said Rules of the Road by failing to activate his vehicle's headlights; failing to observe the posted speed limit; operating his vehicle at a greater speed than was reasonable and prudent for the roadway and/or the conditions; failing to maintain a proper lookout on the roadway ahead; and failing to slow, stop, or undertake any evasive maneuvers to avoid Mr. Moss's vehicle.

22. As a proximate result of the above-stated violations, Defendant Locure's vehicle violently collided with the passenger side of Edwin Moss's vehicle causing Mr. Moss to die as a direct result.

23. Under Alabama law, Defendant Locure's violations of the aforesaid statutory mandates constitutes negligence *per se*, such that Defendant Locure is liable, as a matter of law, for the death of Edwin Moss on January 19, 2021.

24. Defendant Locure's negligence *per se* combined and concurred with the negligence, recklessness, wantonness, or otherwise wrongful conduct of all other named and Fictitious Party Defendants, causing Plaintiff's decedent, Edwin D. Moss, to die as a direct and proximate result.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Denise Hughes, as Administrator of the Estate of Edwin DeWayne Moss, deceased, demands judgment against the named and fictitious defendants, jointly and severally, for wrongful death punitive damages in an amount

to be determined by a struck jury, along with interest and costs.

## COUNT TWO
## WRONGFUL DEATH – NEGLIGENCE, WILLFULNESS, WANTONNESS

25. Plaintiff adopts and realleges all prior paragraphs as if set forth fully herein.

26. On the evening of January 19, 2021, Plaintiff's decedent, Edwin D. Moss, was caused to die when Defendant Darian Locure forcefully collided with the passenger side of Mr. Moss's vehicle on US-80 in Macon County, Alabama.

27. At all times relevant hereto, Defendant Locure owed the motoring public, including Edwin D. Moss, certain duties of care, including without limitation:

   a) The duty to operate his vehicle in a safe manner;

   b) The duty to operate his vehicle within the posted speed limit;

   c) The duty to operate his vehicle at a speed or in a manner that did not endanger or was not likely to endanger others;

   d) The duty to operate his vehicle with due caution, circumspection, and regard for the rights or safety of others;

   e) The duty to maintain a proper lookout on the roadway ahead;

   f) The duty to remain at the scene of the accident until released by the investigating authorities and,

   g) The duty to obey the Alabama Rules of the Road.

28. Defendant Locure breached the duties of care owed to Plaintiff's decedent on the evening of January 19, 2021 when he:

   a) Operated his vehicle in an unsafe and extremely dangerous manner;

   b) Operated his vehicle at speeds in excess of the posted speed limit;

8

    c) Operated his vehicle at a high rate of speed along the darkening roadways without activating or illuminating his vehicle's headlights to alert other motorists to his presence on the roadway;

    d) Carelessly and heedlessly operated his vehicle at a high rate of speed without the use of headlights in willful or wanton disregard for the rights and safety of other persons, including Edwin Moss;

    e) Failed to exercise due caution and circumspection as he operated his vehicle along the roadway where Edwin Moss was traveling;

    f) Failed to keep a lookout for other motorists on the roadway ahead as he traveled at a high rate of speed without the use of his vehicle's headlights;

    g) Failed to remain at the scene of the accident until he was released by investigating authorities; and,

    h) Negligently, recklessly, and/or wantonly failed to abide by the Alabama Rules of the Road.

29. Defendant Locure's actions or failures to act were negligent, reckless, careless, heedless, and/or were undertaken in willful or wanton disregard for the Alabama Rules of the Road and for the rights or safety of others, including Plaintiff's decedent, Edwin D. Moss.

30. Edwin D. Moss was caused to die as a proximate result of Defendant Locure's negligent, reckless, willful, and/or wanton actions and failures to act on the evening of January 19, 2021.

31. Defendant Locure's negligence, recklessness, willfulness, and/or wantonness combined and concurred with the negligence, recklessness, willfulness, wantonness, or otherwise wrongful conduct of all other named and/or Fictitious Party Defendants, causing Plaintiff's decedent, Edwin DeWayne Moss, to die as a direct and proximate result.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Denise Hughes, as Administrator of

9

the Estate of Edwin DeWayne Moss, deceased, demands judgment against the named and fictitious defendants, jointly and severally, for wrongful death punitive damages in an amount to be determined by a struck jury, along with interest and costs.

## COUNT THREE
## NEGLIGENT/WANTON ENTRUSTMENT

32. Plaintiff adopts and realleges all prior paragraphs as if set forth fully herein.

33. On the evening of January 19, 2021, Plaintiff's decedent, Edwin D. Moss, was caused to die when a 2013 Ford F150 (bearing Alabama license tag number 62070CO) driven by Defendant Darian Locure forcefully collided with the passenger side of Mr. Moss's vehicle on US-80 in Macon County, Alabama.

34. At all times relevant hereto, one or more Fictitious Party Defendants 2-7 owned the vehicle driven by Defendant Locure and/or had the right of control over use of the motor vehicle driven by Defendant Locure and involved in the crash made the basis of this case.

35. Upon information and belief, one or more Fictitious Party Defendants 2-7 negligently and/or wantonly entrusted operation and use of the 2013 Ford F150 to Defendant Locure on the occasion made the basis of this lawsuit.

36. Fictitious Party Defendants 2-7 knew, or by the exercise of reasonable care should have known, that Defendant Locure was incompetent to operate said vehicle; and/or that Defendant Locure had a history of violating the Rules of the Road; and/or that Defendant Locure operated said vehicle in an unsafe manner; and/or, based upon his driving history, that Defendant Locure was likely to operate said vehicle in a manner involving risk of harm to

others.

37. As a direct and proximate result of one or more Fictitious Party Defendants 2-7's negligent and/or wanton entrustment of the vehicle to Defendant Locure, Plaintiff's decedent, Edwin D. Moss, was caused to die when Defendant Locure drove the vehicle at excessive speeds without his headlights on and forcefully crashed into the passenger side of Mr. Moss's vehicle.

38. The negligence and/or wantonness of Fictitious Party Defendants 2-7 combined and concurred with the negligence, recklessness, willfulness, wantonness, or otherwise wrongful conduct of all other named and fictitious Defendants, causing Edwin D. Moss to die as a direct and proximate result.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Denise Hughes, as Administrator of the Estate of Edwin DeWayne Moss, deceased, demands judgment against the named and fictitious defendants, jointly and severally, for wrongful death punitive damages in an amount to be determined by a struck jury, along with interest and costs.

## COUNT FOUR
## RESPONDEAT SUPERIOR / VICARIOUS LIABILITY

39. Plaintiff adopts and realleges all prior paragraphs as if set forth fully herein.

40. On the evening of January 19, 2021, Plaintiff's decedent, Edwin D. Moss, was caused to die when a 2013 Ford F150 (bearing Alabama license tag number 62070CO) driven by Defendant Darian Locure forcefully collided with the passenger side of Mr. Moss's vehicle on US-80 in Macon County, Alabama.

41. At the aforesaid time and place, Defendant Locure was acting within the line and scope of his agency, service, and/or employment with one or more Fictitious Party Defendants

11

2-7.

42. Alternatively, Defendant Locure was acting with the express, implied, and/or apparent authority of one or more Fictitious Party Defendants 2-7, such that one or more Fictitious Party Defendants 2-7 are vicariously liable for the actions or inactions of Defendant Locure that directly and proximately resulted in the death of Plaintiff's decedent, Edwin D. Moss, on the evening of January 19, 2021.

43. The negligence and/or wantonness of Fictitious Party Defendants 2-7 combined and concurred with the negligence, recklessness, willfulness, wantonness, or otherwise wrongful conduct of all other named and fictitious Defendants, causing Edwin D. Moss to die as a direct and proximate result.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Denise Hughes, as Administrator of the Estate of Edwin DeWayne Moss, deceased, demands judgment against the named and fictitious defendants, jointly and severally, for wrongful death punitive damages in an amount to be determined by a struck jury, along with interest and costs.

## COUNT FIVE
## FICTITIOUS PARTIES

44. Plaintiff adopts and re-alleges every material averment in Counts One through Four of this Complaint as if fully set out herein, except that Plaintiff substitutes the words "Fictitious Party Defendants 1 - 24" for the named Defendant(s) in Counts One through Four, above.

45. Plaintiff avers that the negligent, reckless, willful, wanton, or otherwise wrongful

12

conduct of Fictitious Party Defendants 1-24 combined and concurred with the negligent, reckless, willful, wanton, or otherwise wrongful conduct of the named Defendant(s) herein to proximately cause the death of Plaintiff's decedent, Edwin D. Moss, as set forth and described in Counts One through Four, above.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff Denise Hughes, as Administrator of the Estate of Edwin DeWayne Moss, deceased, demands judgment against the named and fictitious defendants, jointly and severally, for wrongful death punitive damages in an amount to be determined by a struck jury, along with interest and costs.

### JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES IN THIS CAUSE.

Respectfully submitted,

*/s/ Victoria L. Dye*

Victoria L. Dye (DYE010)
Erby J. Fischer (FIS010)
**MORGAN & MORGAN BIRMINGHAM, PLLC**
2317 3rd Avenue North, Suite 102
Birmingham, Alabama 35203
T: 659.204.6363
F: 659.204.6388
vdye@forthepeople.com
efischer@forthepeople.com

COUNSEL FOR PLAINTIFFS

**PLEASE SERVE THE DEFENDANT VIA CERTIFIED MAIL AT:**

DARIAN LOCURE
7405 US Highway 80 E.
Tuskegee, AL 36083